IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JAMIE ARNETT**<br>302 E. Fremont Street<br>Fostoria, Ohio 44830<br><br>Plaintiff,<br><br>v.<br><br>**CASCADE CORPORATION**<br>2000 Production Drive<br>Findlay, Ohio 45840<br><br>Defendant. | Case No.<br><br>Judge<br><br>**COMPLAINT; JURY DEMAND**<br>**ENDORSED HEREON**<br><br>Francis J. Landry (0006072)<br>Katherine A. Pawlak (0086885)<br>**WASSERMAN, BRYAN, LANDRY &**<br>**HONOLD, LLP**<br>1090 West South Boundary, Suite 500<br>Perrysburg, Ohio 43551<br>Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719<br>Email: FLandry308@aol.com<br>      kpawlak@wblhlaw.com<br>Attorney for Plaintiff,<br>Jamie Arnett |

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 29 USC Sections 2601 et seq., known as the Family and Medical Leave Act. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment. This Court's supplemental jurisdiction is also invoked over state law claims of disability discrimination.

## PARTIES

2. Plaintiff, Jamie Arnett ("Plaintiff"), is a resident of the City of Fostoria, State of Ohio, who was employed by Defendant in the finishing department. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act, and Chapter 4112 of the Ohio Revised Code in that the Plaintiff was employed for more than twelve months and worked more than 1,250 hours during the 12 months preceding his termination.

3. Defendant, Cascade Corporation, is a foreign corporation, incorporated under the laws of the state of Ohio, with a location in the City of Findlay, State of Ohio, and is an employer within the meaning of the Family and Medical Leave Act, and Chapter 4112 of the Ohio Revised Code in that at all times material hereto, it has employed more than fifty (50) employees.

## FACTS

4. Plaintiff was employed by Defendant in the finishing department.

5. Plaintiff's employment with Defendant began on January 24, 2011.

6. Plaintiff's son suffers from seizures due to epilepsy. As a result, Plaintiff has requested FMLA leave from time to time to care for his son.

7. While on FMLA leave, Plaintiff's supervisor would harass him and tell Plaintiff he could not have days off of work.

8. In the Spring of 2020 during the Covid-19 pandemic, Plaintiff fell ill.

9. Plaintiff went to the hospital and was provided with a return to work form indicating that he did not have the flu or covid-19.

10. Plaintiff was told the return to work needed to be reviewed. He was also instructed to stay off for one week and use vacation or sick days.

11. Plaintiff asked for something in writing indicating that he was required to take 7 days off of work, even after having been released to return to work.

12. Plaintiff took the 7 days off work as he was instructed.

13. When Plaintiff returned to work he was informed that he was being suspended

14. Plaintiff was terminated on April 3, 2020, with no reason provided for his termination.

## FIRST CLAIM FOR RELIEF
### Family Medical Leave Act – 29 U.S.C. §§ 2601 et seq.

15. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fourteen (14) of this Complaint, supra, by reference in its entirety as if fully restated herein.

16. Plaintiff states at all times material hereto he was meeting or exceeding Defendant's reasonable expectations, and was well qualified for his position after having been employed with Defendant for over fifteen years.

17. Plaintiff states that at all times material hereto Defendant employed more than fifty (50) employees and is a covered employer under the Family and Medical Leave Act.

18. Plaintiff states that his son suffers from a serious health condition, epilepsy, which causes seizures.

19. Throughout his employment, Plaintiff used FMLA leave for his serious medical condition.

20. Plaintiff was terminated with no reason provided to Plaintiff. However, he had previously been harassed for taking time off work when necessary.

21. Plaintiff contends that Defendant's action in terminating Plaintiff constituted interference, discrimination and retaliation against Plaintiff because of his use of FMLA leave.

22. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation, and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## SECOND CLAIM FOR RELIEF

**Disability Discrimination, Ohio Revised Code Section 4112.02**

23. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-two (22) of this Complaint, supra, by reference in its entirety as if fully restated herein.

24. Plaintiff states that he is a disabled individual within the meaning of Ohio Revised Code Section 4112.02(a)(13). Alternatively, Plaintiff was disabled on the basis of his record of medical impairments and because he was perceived by defendant as being disabled. Although disabled, Plaintiff is able to safely and substantially perform the essential functions of his job with or without an accommodation.

25. Plaintiff states that he suffers from post-concussion syndrome after having been injured on the job in 2017. This disabling condition severely impacted his daily life activities and bodily functions including but not limited to concentrating and thinking.

26. Defendant was aware of Plaintiff's disabling condition, as Plaintiff underwent medical exams and turned in workers compensation paperwork related to his injury and condition.

27. Plaintiff was qualified for his position based upon his education and experience.

28. Plaintiff was terminated with no reason provided to Plaintiff. However, he had previously been harassed for taking time off work when necessary.

29. Upon information and belief, Plaintiff's position was not filled after his termination.

30. Plaintiff states that in terminating his employment Defendant violated Plaintiff's rights under Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended on the basis of disability.

31. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety,

humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff seeks an amount of liquidated damages equal to her damages and costs and attorneys fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**


 s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Jamie Arnett

### JURY DEMAND

Plaintiff demands a jury trial as to all issues to triable in the within cause.


s/Francis J. Landry
Francis J. Landry